# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**TIMOTHY WADE FANCHER**                                   **PETITIONER**

**v.**                                   **CIVIL ACTION NO. 1:12-CV-P66-M**

**RANDY WHITE**                                   **RESPONDENT**


## MEMORANDUM AND ORDER

Petitioner, Timothy Wade Fancher, filed this action pursuant to 28 U.S.C. § 2254,

seeking a writ of habeas corpus (DNs 1 and 6).  The matter is currently before the Court for

preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts.  Because the petition appears to be barred by the applicable statute of

limitations, the Court will direct Petitioner to show cause why his petition should not be denied

and his action dismissed as untimely.

According to his petition, Petitioner was convicted of murder in December 1993 and, in

January 1994, sentenced to life in prison.  His petition states that the Kentucky Supreme Court

affirmed his conviction and sentence on direct appeal on April 25, 1996.  He states that on

May 9, 2002, he filed a RCr 60.02 motion in the trial court, which was denied, and that in

December 2008 he filed a motion under Rcr 11.42 and 60.02 in the trial court, which was denied

in November 2009.  He filed the petition in this action on May 4, 2012.[1]  He also filed a habeas

corpus petition in the trial court in August 2011, which was denied on appeal in December 2011.

In the portion of his petition which asks him to explain why his petition was filed over

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials
for mailing.  *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack,* 487
U.S. 266 (1988)).  In this case, Petitioner certified that he placed his petition in the prison mail
system on May 4, 2012.

one year from when his conviction became final, he states that § 2254(d)(1) does not apply to this case because the ground that he is raising is that the trial judge had no authority to enter the judgment against him and there is no time limit to attack a void judgment.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

According to the petition, the Kentucky Supreme Court affirmed his conviction on

April 25, 1996.  In *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000), the Sixth Circuit explained that the one-year statute of limitations of § 2244(d) does not begin to run until the day after the petition for a writ of certiorari is due for filing in the Supreme Court.  By operation of United States Supreme Court Rule 13.1, a state prisoner has 90 days after the entry of the final judgment on direct appeal in which to file his petition for a writ of certiorari.[2]  Thus, Petitioner's conviction became final on July 24, 1996, and the one-year period to file a § 2254 petition expired on July 24, 1997.

Petitioner filed a RCr 60.02 on May 9, 2002.  He also filed a RCr 11.42 motion in December 2008.  His filing of these post-conviction motions did not restart the one-year statute of limitations for filing his federal habeas petition.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Id.* (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted).  Thus, the petition in this case was filed well outside the one-year period.

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional, and it is subject to equitable tolling.  *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009).  The Sixth Circuit cautions that equitable tolling relief should be granted sparingly.  *Id.* at 588.  Petitioner

---

[2] This same 90-day time-tolling period, however, does not apply during the pendency of a petition for certiorari to the United States Supreme Court that seeks review of the denial of state post-conviction relief, as opposed to direct review of the judgment.  *See Lawrence v. Florida*, 549 U.S. 327, 31-32 (2007) (holding that the one-year statute of limitations is not tolled during the pendency of a petition for certiorari to the Supreme Court that seeks review of a state court decision denying post-conviction relief).

bears the burden of demonstrating that he is entitled to equitable tolling.  *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008).  The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence.  *Id.*; *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).  Actual innocence means factual innocence, not mere legal insufficiency or legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly*, 304 F. App'x at 417; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, Petitioner is required to support his allegations of federal constitutional error with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations.  *Id.* at 316; *Connolly*, 304 F. App'x at 417.

Here, Petitioner has not set forth any claim of actual innocence but only a claim that the trial court lacked jurisdiction.  The Sixth Circuit has recently addressed a similar argument on similar facts and found tolling of the statute of limitations unwarranted.  *See Casey v. Tenn.*, 399 F. App'x 47, 49 (6th Cir. 2010) (holding that even if a transfer order from juvenile court entirely deprived the circuit court of jurisdiction to try the petitioner as an adult, this "new evidence . . . in no way indicates [the petitioner's] factual innocence of the crime charged . . ., bearing instead only on the legal sufficiency of the transfer proceedings.").

Accordingly,

**IT IS HEREBY ORDERED** that no later than **thirty (30) days** from the entry of this

Order, Petitioner shall show cause why his petition should not be denied and his action dismissed

as barred by the applicable statute of limitations.

Date:  May 30, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:      Petitioner, *pro se*
4414.009

5