UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**TIMOTHY WADE FANCHER**  PETITIONER

v.  CIVIL ACTION NO. 1:12-CV-P66-M

**RANDY WHITE**  RESPONDENT

## MEMORANDUM OPINION

Petitioner, Timothy Wade Fancher, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DNs 1 and 6). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely.

According to his petition, Petitioner was convicted of murder in December 1993 and, in January 1994, sentenced to life in prison. His petition states that the Kentucky Supreme Court affirmed his conviction and sentence on direct appeal on April 25, 1996. He states that on May 9, 2002, he filed a RCr 60.02 motion in the trial court, which was denied, and that in December 2008 he filed a motion under RCr 11.42 and 60.02 in the trial court, which was denied in November 2009. He also filed a habeas corpus petition in the trial court in August 2011, which was denied on appeal in December 2011. He filed the petition in this action on May 4, 2012.[1]

In his petition, Petitioner asserts that he was tried by a court which was illegally

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). In this case, Petitioner certified that he placed his petition in the prison mail system on May 4, 2012.

assembled because the judge was without subject matter and/or acted in clear absence of all jurisdiction. In particular, he asserts that the trial judge was not appointed by the Chief Justice of the Kentucky Supreme Court under Kentucky law rendering his trial judgment void *ab initio*. He states that the trial judge "used the regional administration program charter to obtain jurisdictional authority over [his] case which had be[en] amended to delete the regional circuit judges['] authority by the Chief Justice of Ky. Supreme Court October 8, 1992. The judge appointed [himself] August 23, 1993 as special judge to try my case." In the portion of his petition which asks him to explain why his petition was filed over one year from when his conviction became final, Petitioner states that § 2254(d)(1) does not apply to this case because the ground that he is raising is that the trial judge had no authority to enter the judgment against him and there is no time limit to attack a void judgment.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

According to the petition, the Kentucky Supreme Court affirmed his conviction on April 25, 1996. In *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000), the Sixth Circuit explained that the one-year statute of limitations of § 2244(d) does not begin to run until the day after the petition for a writ of certiorari is due for filing in the Supreme Court. By operation of United States Supreme Court Rule 13.1, a state prisoner has 90 days after the entry of the final judgment on direct appeal in which to file his petition for a writ of certiorari.[2] Thus, Petitioner's conviction became final on July 24, 1996, and the one-year period to file a § 2254 petition expired on July 24, 1997.

Petitioner filed a RCr 60.02 on May 9, 2002. He also filed a RCr 11.42 motion in December 2008. His filing of these post-conviction motions did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the

---

[2] This same 90-day time-tolling period, however, does not apply during the pendency of a petition for certiorari to the United States Supreme Court that seeks review of the denial of state post-conviction relief, as opposed to direct review of the judgment. *See Lawrence v. Florida*, 549 U.S. 327, 31-32 (2007) (holding that the one-year statute of limitations is not tolled during the pendency of a petition for certiorari to the Supreme Court that seeks review of a state court decision denying post-conviction relief).

limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted).  Thus, the petition in this case was filed well outside the one-year period.

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional, and it is subject to equitable tolling.  *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009).  The Sixth Circuit cautions that equitable tolling relief should be granted sparingly.  *Id.* at 588.  Petitioner bears the burden of demonstrating that he is entitled to equitable tolling.  *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008).  The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence.  *Id.*; *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).  Actual innocence means factual innocence, not mere legal insufficiency or legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly*, 304 F. App'x at 417; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, Petitioner is required to support his allegations of federal constitutional error with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations.  *Id.* at 316; *Connolly*, 304 F. App'x at 417.

In response to the show cause Order, Petitioner states that due to lack of access and knowledge about the law he could not have been expected to have found any earlier the court case which allowed him to "discover[] that the program charter this trial judge used as authority to try petitioner's case had been amended October 8, 1992, to delete that authority." Petitioner has not set forth any claim of actual innocence but only a claim that the trial court lacked jurisdiction. The Sixth Circuit has recently addressed a similar argument on similar facts and found tolling of the statute of limitations unwarranted. *See Casey v. Tenn.*, 399 F. App'x 47, 49 (6th Cir. 2010) (holding that even if a transfer order from juvenile court entirely deprived the circuit court of jurisdiction to try the petitioner as an adult, this "new evidence . . . in no way indicates [the petitioner's] factual innocence of the crime charged . . ., bearing instead only on the legal sufficiency of the proceedings.").

Accordingly, the Court finds that equitable tolling is not appropriate. The Court will, by separate Order, dismiss the instant petition as time-barred.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

5

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling in this case to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: June 21, 2012

                                            **Joseph H. McKinley, Jr., Chief Judge**
                                                **United States District Court**

cc: Petitioner, *pro se*
4414.009