UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**TIMOTHY WADE FANCHER**                                                                             **PETITIONER**

**v.**                                                        **CIVIL ACTION NO. 1:12-CV-P66-M**

**RANDY WHITE**                                                                                  **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion filed by Petitioner, Timothy Wade Fancher, to alter or amend the judgment of this Court's dismissal of his 28 U.S.C. § 2254 petition pursuant to Fed. R. Civ. P. 59(e). For the following reasons, the Court will deny that Rule 59(e) motion.

Petitioner sought a writ of habeas corpus in this Court, asserting that he was tried by a state trial court which was illegally assembled because the judge lacked jurisdiction. In particular, he asserted that the trial judge was not appointed by the Chief Justice of the Kentucky Supreme Court under Kentucky law rendering his trial judgment void *ab initio*.

Because the § 2254 petition in this case was filed outside the one-year period set forth in 28 U.S.C. § 2244(d)(1), the Court ordered Petitioner to show cause why his petition was not time-barred. The show-cause order explained that the statute of limitations in § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). However, actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Souter*, 395 F.3d at 590.

In response to the show-cause order, Petitioner stated that due to lack of access and knowledge about the law he could not have been expected to have found any earlier the court

case which allowed him to "discover[] that the program charter this trial judge used as authority to try petitioner's case had been amended October 8, 1992, to delete that authority." Thus, Petitioner did not set forth any claim of actual innocence but only a claim that the trial court lacked jurisdiction, and the Court found that equitable tolling was not appropriate, dismissed the petition as time-barred, and denied a certificate of appealability.

Petitioner has now filed a motion to alter or amend the judgment of the Court pursuant to Fed. R. Civ. P. 59(e) (DN 11). He essentially puts forth the same argument, *i.e.*, that the trial court lacked jurisdiction over his case. He seems to assert that he could not have discovered the jurisdictional defect until the publishing of *Jacobs v. Commonwealth*, 947 S.W.2d 416 (Ky. Ct. App. 1997), at which point he would only have had about two months of the one-year period in which to file his § 2254 petition. He also argues that, in actuality, it would have taken weeks or months for the book with the *Jacobs* decision in it to reach the prison library. He argues that "actual innocence" is "available" under these circumstances because his crime was not determined by a court of competent jurisdiction.

Here, Petitioner has presented no ground warranting relief under Rule 59. As was explained in the denial of the habeas petition, to make out a credible claim of actual innocence, Petitioner is required to support his allegations of federal constitutional error with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id.* at 316.

**IT IS ORDERED** that Petitioner's motion to alter or amend pursuant to Rule 59(e) (DN 11) is **DENIED**.

Date: August 10, 2012

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Petitioner, *pro se*
4414.009